UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        *Plaintiff*,

    v.                                                Case No. 24-CR-124

LORI BUTTS,
a/k/a LORI BANYARD,

        *Defendant.*

---

**DEFENDANT'S REPLY BRIEF REGARDING HER MOTION TO EXCLUDE TESTIMONY OF PAUL KASPROWICZ & ANY & ALL DERIVATIVE EVIDENCE COLLECTED AS A RESULT OF KASPROWICZ'S DISCLOSURE OF PRIVILEGED INFORMATION TO THE GOVERNMENT**

---

      Defendant Lori Butts, by her counsel, Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, has moved this Court for an order excluding the testimony of Paul Kasprowicz, (hereinafter referred to as "Mr. Kasprowicz") and any and all evidence obtained by the government and its investigators on the basis that Mr. Kasprowicz represented Ms. Butts as legal counsel and following his representation and access to privileged information and communications, Mr. Kasprowicz improperly revealed this information to investigators in this case for the purpose of prosecution. Specifically, Ms. Butts alleged that Mr. Kasprowicz and Ms. Butts engaged in an attorney-client relationship that lasted from 2018 until 2024, in a variety of legal matters involving several important government witnesses in this case from the IRS and Community Care,

1

Inc. In her motion, Ms. Butts sought first an *in camera* review by the Court of privileged communications by the Court, and an evidentiary hearing on Ms. Butts's claim of privilege to follow. In the end, Ms. Butts seeks suppression from use at trial all confidential privileged communications between her and Mr. Kasprowicz, as well as any information or documents obtained by Mr. Kasprowicz or the government that were derived from the review of the privileged information. *See* Fed. R. Evidence 501; *United States v. White,* 950 F.2d 426, 430 (7th Cir. 1991); *U.S. v. Lawless*, 709 F. 2d 485, 487 (7th Cir. 1983); *United States v. BDO Seidman,* 337 F.3d 802, 810 (7th Cir. 2003); and *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000).

The government filed a formal response to the motion April 9, 2025. In its response, the government asserts (1) that no hearing is necessary and Ms. Butts's motion should be denied without an evidentiary hearing; (2) the documents cited by Ms. Butts in her brief in support of the motion to exclude are not privileged; and (3) any privilege that does exist between Ms. Butts and Mr. Kasprowicz should be deemed waived by disclosure to a third party. (Gov't Br. at 1).

Mr. Butts contends that the government's arguments are largely unsupported by the law and disregard the facts surrounding the case against Ms. Butts and the extent to which its investigators relied on information they knew or had reason to believe stemmed from privileged attorney-client communications between Ms. Butts and Mr. Kasprowicz. As set forth in the opening brief and below, Ms. Butts hired Mr. Kasprowicz to serve as her legal counsel for several years and through that representation, Mr. Kasprowicz was on the receiving end of countless privileged communications that gave him knowledge

2

and access to nearly every aspect of Ms. Butts's professional and personal life, her taxes, and essentially held himself out as her attorney to all relevant parties.

## ARGUMENT

**I. THE DOCUMENTS IDENTIFIED IN THE DEFENSE'S PRIVILEGE LOG ARE PRIVILEGED AND MR. KASPROWICZ'S TESTIMONY SHOULD BE EXCLUDED**

The nature and content of the communications between Ms. Butts and Ms. Kasprowicz, without question, illustrate an attorney-client relationship and that their communications merit the appropriate testimonial privilege. The government claims that the communications included in the defense's privilege log are not privileged and as such, the Court should deny Ms. Butts's motion without a hearing. The government has provided no authority to support its position. Ms. Butts acknowledges that the Court has the discretion to deny a motion without an evidentiary hearing where a motion fails to raise any material factual issue. *See, e.g., United States v. Rollins,* 862 F.2d 1282, 1291 (7th Cir. 1988). Here, as the government's response demonstrates, there are highly material issues of fact with respect to whether the privilege applies to certain communications in this case between Ms. Butts and Mr. Kasprowicz. An evidentiary hearing is critical to effectively resolve those factual issues.

**A. Mr. Kasprowicz served as Ms. Butts's attorney and legal consultant from 2018 through 2024, and the assertions to the contrary set forth in the government's response plainly illustrate that there are material facts in dispute and why an evidentiary hearing is necessary.**

As set forth in detail in the opening brief, Ms. Butts contends that Mr. Kasprowicz was contracted as an attorney for the purpose of providing legal services from 2018

3

through 2024, and that in the years since the termination of their professional relationship, Mr. Kasprowicz has engaged in a fraudulent scheme to fabricate this case against her using information and individuals known to Mr. Kasprowicz only through Mr. Butts's privileged communications to Mr. Kasprowicz and his approximately six-year legal representation of Ms. Butts.

Ms. Butts asserts that the information related to Mr. Butts that Mr. Kasprowicz has been revealing over the course of the past several years to several witnesses, as well as directly to the Federal Bureau of Investigation and the Internal Revenue Service, is privileged and no waiver authorizing its disclosure has occurred. Yet, the government claims that the privilege does not apply to these communications as the documents are authored by third parties and are not "communications." This, the government claims, is a fatal flaw to Ms. Butts's argument.

First, there is no question that an attorney-client relationship existed between Ms. Butts and Mr. Kasprowicz.[1] This is readily apparent as the government is in possession of dozens upon dozens of documents detailing a years-long attorney-client relationship between Ms. Butts and Mr. Kasprowicz. These written communications between Mr. Kasprowicz and Ms. Butts unquestionably show Mr. Kasprowicz providing legal advice to Ms. Butts and serving as her lawyer and these services were compensated – as evidenced by several checks from Ms. Butts to Mr. Kasprowicz in the government's production. Within these communications are quotes provided, fees discussed,

---

[1] In one document obtained from the government in discovery – a letter addressed to the Wisconsin Department of Administration – Mr. Kasprowicz states: "I represent Lori Banyard, licensee of Lordan Care Adult Family Home. . ."

summaries of hours worked on particular projects, and items discussed regarding Ms. Butts's business. In these documents, Mr. Kasprowicz discusses intimate details regarding Ms. Butts's business structure, decisions regarding hiring employees, and financials. Mr. Kasprowicz, as part of his representation, even personally crafts communications to the IRS and Community Care, Inc., regarding business decisions on behalf of Lordan Care, Adult Family Homes, LLC ("Lordan Care AFH"), and Ms. Butts personally.

To demonstrate this relationship and how the use of his privileged communications have formed the case against him, Ms. Butts seeks an *in camera* review of all relevant communications between her and Mr. Kasprowicz. *See In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000), and *U.S. v. Zolin*, 491 U.S. 554, 568-69 (1989). While the government claims that an *in camera* review is not necessary and that the government could simply provide the relevant communications to the Court, that would violate the privilege by way of disclosure. The appropriate method of determining whether each document included in the defense privilege log is protected by the privilege is *in camera* inspection by the Court. The privileged documents, along with a summary of why such documents are in fact privileged, will be provided to the Court for its review once it receives permission from the Court to do so to ensure that privilege is not waived by such a disclosure.

**B. Ms. Butts did not waive the privilege by Mr. Kasprowicz's unethical disclosure to the government.**

5

For attorney-client privilege to cover communications between an attorney and client, four basic elements must exist: (1) a communication; (2) a communication that was made between counsel and client; (3) the communication was made in confidence; and (4) the communication was made for the purpose of seeking, obtaining, or providing legal assistance to the client. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008). Attorney-client privilege applies to all forms of communication to include emails, text messages, letters, memoranda, and oral communications, in addition to all orally communicated exchanges. The privilege also applies to documents that were prepared or provided by the client specifically for viewing by the attorney with the purpose of obtaining legal advice. *See In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) ("[M]aterial transmitted to accountants may fall under the attorney-client privilege if the accountant is acting as an agent of an attorney for the purpose of assisting with the provision of legal advice."). The party asserting waiver generally has the burden of proving that waiver occurred. *See* Restatement Third, The Law Governing Lawyers § 86(3) (one seeking to establish waiver or exception must assert the waiver or exception and, if the assertion is contested, demonstrate each of its elements).

As is clear from a review of the privileged correspondence between Mr. Kasprowicz and Ms. Butts, Mr. Kasprowicz served as compensated legal counsel to Ms. Butts for several years, during which time he provided legal counsel related to the formation of Lordan Care AFH, completed Ms. Butts's taxes, and generally managed her business and financial matters – both relating to her LLC and her personal finances. Through Mr. Kasprowicz's representation of Ms. Butts, the pair exchanged information

6

that Ms. Butts expected to be held in confidence as she had the understanding that she had hired Mr. Kasprowicz to serve as her legal advisor and that the two were engaged such a privileged attorney-client relationship. Mr. Kasprowicz unquestionably held himself out as a licensed attorney to not only Ms. Butts, but also to local counsel and the Waukesha County area through his CPA business, where he purported to specialize in estate planning and tax law.[2]

Ms. Butts asserts that Mr. Kasprowicz violated Ms. Butts's privilege when he revealed hundreds of pages of private communications between the two and documents that Mr. Kasprowicz had received from Ms. Butts as necessary through his representation. However, the infringement on Ms. Butts's privilege did not stop with Mr. Kasprowicz's actions. After all, the privilege belongs to Ms. Butts, *not* Mr. Kasprowicz. Mr. Kasprowicz was not permitted to, as Ms. Butts's legal counsel, waive the privilege on her behalf without her consent. In its response, the Government disputes that Ms. Butts's privilege was not waived, and contends that Mr. Kasprowicz could waive attorney-client privilege simply by providing privileged documents to the government to assist in its investigation. Mr. Kasprowicz's unlawful disclosure of the privileged communications to the government in response to its subpoena did not waive the privilege. The government has the burden of establishing that waiver occurred given that it is contested. The government cannot do so here.

---

[2] According to the Better Business Bureau (BBB), "Kasprowicz, Paul M. CPA" is believed to no longer be in business.

The discovery disclosed by the government plainly demonstrates that the government investigators in this case not only knew Mr. Kasprowicz was holding himself out as a lawyer with a past professional relationship with Butts, but Mr. Kasprowicz provided them with many of the documents demonstrating that their communications merited privilege. Therefore, while the government asserts that the privilege was waived by Mr. Kasprowicz's disclosure, a review of the investigation in this case demonstrates that the government's position is unfounded. Mr. Kasprowicz has been instrumental in the government's operation, actively providing information to authorities, and divulged confidential and privileged information to the government's investigators. Even with that information, the government blatantly and continuously, with no regard for Ms. Butts's privilege, accepted that information and employed Mr. Kasprowicz, Butts's former attorney, as essentially an informal agent of the government to continue with the investigation into Ms. Butts and her business.

Mr. Kasprowicz was given a direct line of communication to the investigators and regularly communicated with them about the investigation. That the government continues to communicate with Mr. Kasprowicz and presumably intends to call him as a witness at trial, all while knowing Mrs. Butts is asserting privilege and has provided a privilege log containing communications between Ms. Butts and Mr. Kasprowicz during the period in which Mr. Kasprowicz served as compensated legal counsel, is highly concerning. Furthermore, if Mr. Kasprowicz were a witness at the grand jury proceedings, his testimony is likewise implicated, and Ms. Butts had the privilege of

stopping his testimony. This issue presents yet another unanswered question for which an evidentiary hearing is necessary.

That fact remains that Mr. Kasprowicz has been a driving force behind the government's investigation in this case from the outset. Despite the government's claims to the contrary, Mr. Kasprowicz was permitted to provide confidential information and disclose privileged communications long after investigators were made aware of allegations of the attorney-client relationship between the two. Therefore, contrary to the assertions of the government in its response, its conduct and that of law enforcement related to the use of Ms. Butts's privileged communications is certainly implicated. There has been at minimum a reckless disregard from Mr. Butts's privilege, and as a result, Ms. Butts's Fifth Amendment due process rights have been violated. While the cases cited by the government in its response primarily focus on waiver of the privilege by disclosure, it remains that the government has or should have known of the attorney-client relationship prior to the review of privileged communication or its employment of information learned from the privileged material and thus, Ms. Butts's constitutional rights are implicated. *See, e.g., United States v. Biller*, No. 1:06-CR-14, 2006 WL 2431710, at *9-10 (N.D. W. Va. July 18, 2006) (Doc. 33, Ex. 12).

### C. Suppression of derivative evidence appropriate and an evidentiary hearing is necessary.

As set forth in the landmark case involving suppression of derivative evidence, *Wong Sun v. U.S.*, 371 U.S. 471 (1963), the U.S. Supreme Court held that when considering whether suppression of derivative evidence is appropriate, the question in such a case is

"'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" *Wong Sun v. United States*, 371 U.S. 471 (1963), citing Maguire, Evidence of Guilt, 221 (1959). Here, there is ample evidence that the government was well aware of Mr. Kasprowicz's connection to Ms. Butts since 2018. Despite that, the government continued to accept information from him and use that information to form its own investigation. Such actions by the government are so egregious that they run afoul with the fundamental principles of due process protected by the Fifth Amendment and as such, suppression is the appropriate remedy.

The government has not presented its own privilege log and instead insists that the privilege simply does not apply to any of the communications. Further, the government has not requested an *in camera* review of documents it believes demonstrate that Ms. Butts communicated any information to Mr. Kasprowicz that demonstrates that she consented to waiver of the privilege through disclosure. The government's position in its response that the claimed documents are not privileged and that, even if they were protected by the privilege, the privilege was waived by disclosure, demonstrate that there are profoundly disputed material issues of fact. In its response, the government asks this Court to find that the defense motion should be denied without a hearing. The dispute as to whether certain documents are in fact privileged, and whether an attorney-client relationship existed between Ms. Butts and Mr. Kasprowicz at a particular point in time, plainly demonstrate that an evidentiary hearing and *in camera* review are necessary.

Ms. Butts hereby asserts this privilege and moves this Court for exclusion of all privileged communications between her and Mr. Kasprowicz at trial, and to prohibit admission of all evidence derived from the disclosures by Mr. Kasprowicz. *See Wong Sun*, 371 U.S. at 484-88.

**CONCLUSION**

For the reasons set forth in the opening motion, the privilege log attached to the defendant's motion, this reply brief, and the evidence expected to be adduced through the *in camera* review and requested evidentiary hearing, Ms. Butts respectfully asserts her attorney-client privilege protecting communications between her and Mr. Kasprowicz during their professional legal relationship, and moves this Court for an order excluding from trial such privileged communications and all information derived from them and as a result of their disclosure.

Dated this 25th day of April, 2025.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: */s/ Nicole M. Masnica*
    NICOLE M. MASNICA
    State Bar No. 1079819
    Email: nmasnica@grgblaw.com
Attorney for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440