**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

          *Plaintiff*,

    v.                                       Case No. 2:24-CR-124

LORI BUTTS,

          *Defendant*.

---

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO**
**EXCLUDE TESTIMONY OF ATTORNEY PAUL KASPROWICZ**

---

Defendant Lori Butts, by her counsel, Nicole M. Masnica of Gimbel, Reilly, Guerin & Brown LLP, hereby objects to the Report and Recommendation of United States Magistrate Judge Stephen C. Dries, which recommends the denial of Butts' motion to exclude the testimony of Mr. Kasprowicz, and denial of Butts' request for an evidentiary hearing. (Doc. 28).

As grounds for Ms. Butts' objection, she hereby adopts and incorporates herein all arguments previously made by her counsel in her brief-in-chief and in her reply brief. Ms. Butts requests that the Court not adopt the Report and Recommendation and instead grant an evidentiary hearing on the matter to determine whether, under the totality of the circumstances, there was an attorney-client relationship between Ms. Butts and Mr. Kasprowicz, and whether the documents referenced in the defense privilege log were in

1

fact privileged. Finally, an evidentiary hearing is necessary to determine whether Ms. Butts waived the privilege by way of disclosure.

The Magistrate Judge's recommendation is that Ms. Butts cannot establish that any of the documents contained in the defense privilege log are in fact privileged. Ms. Butts objects to this finding and requests an evidentiary hearing so that the Court can determine the facts that are clearly in dispute as they relate to this prong of the analysis. The defense has set forth, and the Magistrate Judge's recommendation does not address, that Mr. Kasprowicz unlawfully turned over hundreds upon hundreds of documents to the government in response to subpoenas. Ms. Butts did not consent to this waiver of privilege, and there was nothing Ms. Butts could have done to prevent the disclosures because she was not aware of Mr. Kasprowicz's cooperation with government investigators. Thus, it cannot be so that Ms. Butts waived the privilege when she had no ability to prevent disclosure.

Mr. Kasprowicz's acquiescence and cooperation are significant red flags as they relate to waiver of the privilege and its limits. This factor is important because it is not sufficient for the government to contend that Ms. Butts simply coalesced and allowed her own attorney to provide many hundreds of privileged documents to the government. If that were so, the attorney-client privilege would be superfluous, as any attorney could then simply waive the *client's* privilege if they preferred to cooperate with an investigation by disclosing privileged documents. However, the attorney-client privilege is more meaningful, and more protective than the government and the Magistrate Judge have determined it to be.

2

This is not a situation where Ms. Butts had been informing Mr. Kasprowicz that she authorized him to go to government investigators and disclose privileged information regarding their attorney-client relationship. While the Rule applies to confidentiality rather than attorney-client privilege, ABA Model Rule 1.6(a) in certain terms states that "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." Paragraph (b) discusses certain scenarios in which a lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to carry out certain goals. Certainly, confidentiality is broader than attorney-client privilege, but the same fundamental principles apply in both situations. Mr. Kasprowicz was acting outside of the bounds of his ethical duties towards Ms. Butts when he disclosed privileged documents to the government in response to subpoenas.

Here, Mr. Kasprowicz, lacked informed consent from Ms. Butts, and there were no extenuating circumstances which would have even remotely suggested that disclosure of privileged documents would be necessary to carry out his representation. Instead, Mr. Kasprowicz unlawfully disclosed to the government several communications that were privileged without any legitimate and ethical reasons for doing so. This was a clear violation, and Ms. Butts did not waive the privilege by her counsel responding to the government's subpoenas by producing privileged documents. Put simply, Ms. Butts has made out a *prima facie* case for privilege, and has placed several material facts in dispute.

The government's own admissions regarding the disputed documents indicate that there are several material facts in issue that require an evidentiary hearing.

Furthermore, an evidentiary hearing is necessary to determine the extent of the attorney-client relationship that existed between Ms. Butts and Mr. Kasprowicz, and the issue of whether the communications set forth in the defense privilege log are in fact privileged. An in-camera review of the documents included in the privilege log is crucial in the Court's determination of whether the documents were privileged. The government mistakenly contends that an in-camera review is not necessary.

For all of the reasons stated herein, and the arguments and evidence made in previous filings, Ms. Butts requests that the Court reject the Report and Recommendation (Doc. 28), and order an evidentiary hearing to fully consider whether (1) the documents included in the privilege log are in fact privileged, and (2) whether the privilege was waived when Mr. Kasprowicz disclosed the relevant documents in response to the government's subpoenas.

Dated this 5th day of June, 2025.

Respectfully submitted,

GIMBEL, REILLY, GUERIN & BROWN LLP

By: */s/ Nicole M. Masnica*
    NICOLE M. MASNICA
    State Bar No. 1079819
    Email: nmasnica@grgblaw.com
Attorney for Defendant

POST OFFICE ADDRESS:

330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440