UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 24-CR-124

LORI BUTTS,
a/k/a LORI BANYARD

        Defendant.

## GOVERNMENT'S UNOPPOSED MOTION FOR A SPEEDY TRIAL ACT FINDING

The United States of America, by and through its attorneys, Richard G. Frohling, Acting United States Attorney and Carter B. Stewart, Assistant United States Attorney, hereby moves this Court for a finding under the Speedy Trial Act (STA) pursuant to 18 U.S.C. § 3161(h)(1)(d) and 3161(h)(7). In support of this motion, the government states as follows:

1) On June 25, 2024, a federal grand jury for the Eastern District of Wisconsin returned a sixteen-count indictment, including eight counts of healthcare fraud and eight counts of wire fraud, against the defendant, Lori Butts. [ECF No. 1].

2) On July 26, 2024, Ms. Butts entered a plea of not guilty at her Initial Appearance and Arraignment. [ECF No. 4]. The Court set a status conference for July 30, 2024. *Id.*

3) At the July 30, 2024, status conference, the Court set an additional status conference for September 24, 2024, and excluded the time from July 30, 2024, to September 24, 2024, from the STA. [ECF No. 7.]

4) At the September 24, 2024, status conference, the Court set an additional status conference for November 22, 2024, and excluded the time from September 24, 2024, to November 22, 2024, from the STA. [ECF No. 9.]

5) At the November 22, 2024, status conference, the Court set a briefing schedule, ordering pretrial motions due by January 17, 2025, and excluded time from November 22, 2024, to January 17, 2025, from the STA. [ECF No. 10.]

6) On January 14, 2025, Ms. Butts moved for an extension of time to file pretrial motions, and the Court granted it, extending the deadline to February 7, 2025. At the same time, the Court excluded the time from January 17, 2025, to February 7, 2025, from the STA calculation. [ECF Nos. 11 & 12].

7) On February 7, 2025, Ms. Butts moved for an extension of time to file pretrial motions, and the Court granted it, extending the deadline to February 21, 2025. At the same time, the Court excluded the time from February 7, 2025, to February 21, 2025, from the STA calculation. [ECF Nos. 13 & 14].

8) On February 21, 2025, Ms. Butts moved for an extension of time to file pretrial motions, and the Court granted it, extending the deadline to February 28, 2025. At the same time, the Court excluded the time from February 21, 2025, to February 28, 2025, from the STA calculation. [ECF Nos. 15 & 16].

9) On February 28, 2025, Ms. Butts moved for an extension of time to file pretrial motions, and the Court granted it, extending the deadline to March 21, 2025. At the same time, the Court excluded the time from February 28, 2025, to March 21, 2025, from the STA calculation. [ECF Nos. 17 & 18].

10) On March 21, 2025, Ms. Butts filed her Motion to Exclude. [ECF No. 19.] Under the existing schedule, the government's response was due on March 31, 2025. [ECF No. 18.]

11) After the Court granted an extension, the government filed its response brief on April 9, 2025. [ECF No. 24.]

12) After the Court granted an extension, Ms. Butts filed her reply brief on April 25, 2025. [ECF. No. 27.]

13) On May 22, 2025, United States Magistrate Judge Dries issued a Report and Recommendation that the Motion be denied. [ECF No. 28]. The time during which the parties briefed the defendant's Motion to Suppress, and the time for the magistrate judge's prompt resolution of that motion and/or 30 days, was automatically excluded pursuant to 18 U.S.C. 3161(h)(1)(D); 18 U.S.C. § 3161(h)(1)(H).

14) Ms. Butts filed her Objection to the Report and Recommendation on June 6, 2025. [ECF No. 29].

15) On June 20, 2025, the United States filed its response. [ECF No. 30]. Under L.R. 72(c)(3), any reply would have been due on June 27, 2025. The government assumes the Court would have taken the motion under advisement at the expiration of the deadline to file the reply.

16) According to some recent caselaw, there is a plausible, though not definitive, interpretation of the STA that the speedy trial clock will restart 30 days from the time the motion is taken under advisement by the district court. *See e.g.*, 18 U.S.C. § 3161(h)(1)(H); *United States v. Avila*, 2024 WL 3334954, *10 (7th Cir. July 9, 2024); *United States v. Chanu*, 40 F.4th 528 (7th Cir. 2022).

17) By the United States's calculations, that 30-day timeline will expire on July 27, 2025.

18) To avoid any doubt about this caselaw, or the STA calculation in this case, the government respectfully asks this Court to make a Speedy Trial finding that excludes time pursuant to 18 U.S.C. § 3161(h)(7)(C) from June 27, 2025, until resolution of the pending Motion.

19) In support of that request, the United States submits that the ends of justice are served by the Court taking sufficient time to render a ruling on Ms. Butts's Objections to the Magistrate Judge's Report and Recommendation; consideration of the Objection requires a fact-intensive inquiry regarding the potential privilege of numerous documents.

20) Counsel for the United States reached out to Ms. Butts' counsel about this motion, and counsel stated that they have no objection. Ms. Butts is not in custody.

Dated this July 25, 2025, at Milwaukee, Wisconsin.

                RICHARD G. FROHLING
                Acting United States Attorney

By:   /s/ Carter B. Stewart

                CARTER B. STEWART
                Assistant United States Attorney
                Eastern District of Wisconsin
                517 East Wisconsin Avenue, Room 530
                Milwaukee, WI 53202
                (414) 297-1700 (phone)
                E-Mail: carter.stewart@usdoj.gov