# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>LORI BUTTS,<br><br>                  Defendant. | Case No. 24-CR-124-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

On June 25, 2024, Defendant Lori Butts ("Butts"), was indicted on eight counts of healthcare fraud and eight counts of wire fraud. ECF No. 1. On March 21, 2025, Butts filed a motion to exclude Paul Kasprowicz's testimony and all derivative evidence as protected by attorney-client privilege; in that same motion, she moved for an in-camera inspection and an evidentiary hearing. ECF No. 19.

On May 22, 2025, Magistrate Judge Stephen C. Dries issued a report and recommendation (the "R&R"), recommending that this Court deny the motion in its entirety, including the inspection and hearing requests. ECF No. 28. Butts objected to the R&R, ECF No. 29, and the Government responded to the objections, ECF No. 30. For the reasons explained below, the Court will adopt the R&R, overrule Butts' objections, and deny the motion to exclude in its entirety.

## 2. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court is obliged to analyze de novo "those portions of the [R&R] to which objection is made."

28 U.S.C. § 636(b)(1)(C). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. The Court's review encompasses both the magistrate judge's legal analysis and factual findings. *See id*.; *see also* FED. R. CRIM. P. 59(b)(2).

In turn, "[p]ortions of a recommendation to which no party objects are reviewed for clear error." *United States v. Musgrove*, 845 F. Supp. 2d 932, 937 (E.D. Wis. 2011) (citing *Johnson v. Zema Sys. Corp.*, 170 F.2d 734, 739 (7th Cir. 1999)). This clear-error review also applies to non-dispositive rulings of magistrate judges, such as the denial of an evidentiary hearing or in-camera review, to which a defendant objects. *See* FED. R. CRIM. P. 59(a); 28 U.S.C. § 636(b)(1)(A) (permitting a district judge to "reconsider any pretrial matter" that a magistrate judge has determined if the magistrate judge's order is "clearly erroneous or contrary to law").

**3.   FACTS**

In his R&R, Magistrate Judge Dries carefully described all the facts material to Butts' motion. ECF No. 28 at 1–3. Butts does not object to the R&R's factual recitation, *see generally* ECF No. 29, and the Court has no independent reason to disagree with the facts as Magistrate Judge Dries found them. The Court will, therefore, adopt the facts as stated in the R&R and reproduce them below.

**3.1.   Underlying Facts**

Between July 2019 and December 2020, Lori Butts owned and operated Lordan Care Adult Family Home, LLC ("Lordan Care"), a company providing adult family homes for certain qualified adults in Wisconsin. ECF No. 1 at 2–3. An adult family home is a type of assisted living facility where individuals aged eighteen and older receive care that goes beyond room and board. *Id*. at 1. Lordan Care provided living

arrangements and related services for individuals referred by Community Care, Inc., a managed care organization that uses government funding to find placements for qualifying residents. *Id*. at 1–2. When Lordan Care and Community Care agreed to place an adult resident in one of Lordan Care's adult family homes, they entered into contracts that specified (among other things) how many caregivers Lordan Care would provide to each resident and the payment Lordan Care would receive for providing those caregivers. *Id*. at 2. Lordan Care billed Community Care for the services the company says it provided. *Id*.

### 3.2. Facts Related to Motion to Exclude

In 2018, Butts retained Paul Kasprowicz ("Kasprowicz"), a licensed attorney and a certified public accountant, to provide legal and business services related to Lordan Care. *See* ECF No. 19 at 3–5. At times, Kasprowicz also assisted Butts with her personal finances. *Id*. at 4. In 2020, the Government began investigating Butts and Lordan Care for possible fraud. ECF No. 24 at 2–4. As part of that investigation, the Government served two subpoenas on Lordan Care. *Id*. at 2. Kasprowicz, on behalf of the company, produced 573 files in response to the subpoenas. *Id*.

Based on evidence received from Kasprowicz and additional investigation, in June 2024, a federal grand jury indicted Butts for eight counts of healthcare fraud and eight counts of wire fraud. *See* ECF No. 1 at 5–8. The Indictment alleges that Butts used Lordan Care to charge Community Care (and, indirectly, the government) for more care than Lordan actually provided. *See id*. at 3–4. Specifically, the Indictment alleges that Butts submitted bills that falsely represented the number of hours of caregiving it provided. *Id*. Community Care paid those bills using government funds, and Butts certified the billings. *Id*. As part of the alleged

scheme, Lordan Care received about $1.4 million to which it was not entitled, a substantial portion of which Butts ostensibly converted for her personal use. *Id.*

4. **ANALYSIS**

In March 2025, Butts moved to exclude Kasprowicz's testimony and all derivative evidence on the basis that Kasprowicz unlawfully disclosed information protected by attorney-client privilege to the Government and potential witnesses. ECF No. 19 at 6. Butts' motion concerns 169 documents.[1] Butts contended that not only were these documents privileged, but that there was no waiver and that Kasprowicz did not otherwise have consent to so waive. ECF No. 19 at 2, 11. Butts also argued that the Court ought to hold an in-camera inspection of the materials she claims are privileged and an evidentiary hearing to unpack the extent to which the privilege existed. *Id*. at 2–3.

In brief, Magistrate Judge Dries found that none of the documents in the privilege log made out a prima facie case of privilege. ECF No. 28 at 5–7. He further found that, in any event, Butts had waived the privilege by disclosing the documents to the Government during the subpoena process. *Id*. at 7–10. Lastly, relying to a significant extent on these same reasons,

---

[1] Butts produced a privilege log listing 177 documents (plus fourteen duplicates) of the 573 documents subpoenaed that she claims Kasprowicz wrongfully disclosed to the government. *See generally* ECF No. 20; ECF No. 24 at 3. The Government agreed not to use 8 of those documents (plus 5 duplicates), which "concern[] Butts' personal taxes" and "may have been generated during [a] prior IRS investigation," to avoid needless litigation. ECF No. 24 at 6; ECF No. 24-1 (Government's version of privilege log, color-coding these thirteen documents in gray). There are, therefore, 169 documents subject to Butts' motion, as Magistrate Judge Dries noted. ECF No. 28 at 5.

Magistrate Judge Dries found there was no basis to exclude any testimony, permit an in-camera review, or hold an evidentiary hearing. *Id*. at 10–12.

Butts' objections to Magistrate Judge Dries' R&R reincorporate all prior arguments made. ECF No. 29 at 3. Butts' generalized reincorporation of past arguments is on its own insufficient to trigger de novo review of the R&R. *See United States v. O'Neil*, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (collecting cases). However, the Court discerns three specific objections in Butts' submission. First, Butts objects to Magistrate Judge Dries' finding that she failed to show that "the documents contained in the defense privilege log are in fact privileged." ECF No. 29 at 2. Second, Butts objects to the finding that she waived that privilege. *Id*. Lastly, Butts objects to the finding that neither an in-camera review nor an evidentiary hearing was necessary to determine whether any documents in the log were, in fact, privileged. *Id.* at 4.

In response, the Government observes that the broad reincorporation of all prior arguments does not qualify as making specific objections. ECF No. 30 at 5. The Government, moreover, disputes any renewed argument that the documents are privileged and that there was no waiver; as such, the Government contends it is not necessary to have an in-camera inspection or evidentiary hearing or to exclude Kasprowicz's testimony or any derivative evidence thereof. *Id*. at 6–16.

The Court addresses each of Butts' objections in turn.

### 4.1 Whether the Documents Were Privileged

#### 4.1.1 Magistrate Judge Dries' Findings as to Privilege

Magistrate Judge Dries explained that "[r]eviewing courts generally assess claims of privilege in three steps, first making a threshold determination as to whether the disputed document is indeed privileged."

ECF No. 28 at 7 (citing *MSP Real Estate v. City of New Berlin*, Nos. 11-C-281 & 11-C-608, 2011 U.S. Dist. LEXIS 81650, at *7 (E.D. Wis. July 22, 2011)). As to step one, Magistrate Judge Dries determined that none of the 169 documents were privileged. *Id*. at 5–7.

Magistrate Judge Dries explained that the attorney-client "privilege extends to confidential communications between counsel and his or her client '[w]here legal advice of any kind is sought . . . from a professional legal advisor in his capacity as such.'" *Id.* at 4 (quoting *Towne Place Condo. Ass'n v. Phila. Indem. Ins. Co.*, 284 F. Supp. 3d 889, 893 (N.D. Ill. 2018), in turn quoting *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000)). More specifically, it applies

> (1) where legal advice of any kind is sought (2) from a professional legal advis[e]r[] in his capacity as such, (3) the communication[s] relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except [where the] protection [is] waived.

*Id.* (quoting *Evans v. City of Chicago*, 231 F.R.D. 302, 311 (N.D. Ill. 2005)). "The party asserting the attorney-client privilege has the burden of establishing each of those elements on a document-by-document basis." *Id.* (citing *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)).

In applying this standard, Magistrate Judge Dries said that it was "difficult to see" how Butts could possibly construe any of 169 documents as privileged. *Id*. at 5. In his review of Butts' privilege log, he found that the "vast majority [of the 169 documents claimed to be privileged] appeared to be business records that were prepared by third parties and/or kept by Lordan Care in the ordinary course of its business (e.g., bank records, payroll information, resident authorizations prepared by Community Care,

employee files, company tax information, patient records, etc.), including just one document Butts says may have been drafted by Kasprowicz." *Id*. That document[2] concerns bankroll and payroll information prepared by third parties. *Id*. at 5. Therefore, in his view, there was no reason to believe that any of these documents were privileged because none of them contains or was sent to Kasprowicz for the purpose of securing legal advice so as to render them privileged. *Id*. at 5 (citing *Evans*, 231 F.R.D. at 312 (citing *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000)). The lone other document in the privilege log that grabbed Magistrate Judge Dries' attention was a letter Butts wrote and sent to the United States Attorney's Office, which Kasprowicz received.[3] *Id.* (citing ECF No. 20 at 39). However, Magistrate Judge Dries noted that any privilege had been waived by sharing this letter with a third party. *Id*. at 6.

Magistrate Judge Dries determined Butts misconstrued the law as transmuting any documents handled by her attorney or containing confidential business information into privileged documents. *Id*. at 6–7 (collecting cases). Thus, Magistrate Judge Dries found that "Butts had not demonstrated even a *prima facie* case of privilege concerning any of the documents listed on her privilege log." *Id*. at 7.

Magistrate Judge Dries additionally found that neither an in-camera review nor an evidentiary hearing was necessary in this case because "there [was] no dispute about whether an attorney-client relationship existed" and Butts "fail[ed] to proffer any specific facts to suggest that the documents

---

[2]Magistrate Judge Dries later identifies this document as Bates #83257. ECF No. 28 at 11 (citing ECF No. 20 at 26).

[3]Magistrate Judge Dries later identifies this document as Bates #85298. *Id.* (citing ECF No. 20 at 39).

were transmitted to Kasprowicz for the purposes of obtaining legal advice," obviating any need for in-camera review to determine whether the documents are privileged. *Id.* at 11–12.

#### 4.1.2 Butts' Objections and the Government's Response

Butts broadly objects to the notion she failed to make out a prima facie case of privilege. ECF No. 29 at 3. She appears to rely on all prior arguments to make this suggestion. *Id*. at 1. She further argues that an in-camera review and evidentiary hearing are required to determine whether an attorney-client relationship with Kasprowicz existed and whether the documents subject to her motion are privileged. *Id*. at 2, 4. In response, the Government disputes her ability to reincorporate all her past arguments. ECF No. 30 at 5–6. The Government further contends that Butts has failed to meet her burden of establishing that any of these documents are entitled to privilege. *Id*. at 6–11.

#### 4.1.3 The Court Agrees with Magistrate Judge Dries

The Court agrees, upon its de novo review, with Magistrate Judge Dries that none of the documents come close to a prima facie showing of privilege. The Court likewise finds no clear error with Magistrate Judge Dries' recommended denial of an in-camera review and evidentiary hearing. The Court will explain its rationale below.

##### 4.1.3.1 De Novo Review of the Finding of Privilege

The Court will not exclude these documents in the absence of a prima facie showing that attorney-client privilege applies, as Magistrate Dries noted, *see supra* Section 4.1.1. Butts fails to raise a specific objection to the finding that none of these documents are privileged, instead referring the Court to her pre-objection briefing; however, allowing her to do so would inappropriately turn the objection process into a "simple do-over."

*United States v. Gaeta-Galvez*, No. 18-CR-134-JPS, 2019 U.S. Dist. LEXIS 32659, at *5 n. 1 (E.D. Wis. Mar. 1, 2019). Butts has not pointed to any specific document in the record that she claims Magistrate Judge Dries overlooked or wrongly considered. *See generally* ECF No. 29. She has not so much as challenged any of the eight documents that invoke Kasprowicz's name in some way, nor the specific documents that Magistrate Judge indicated may be privileged, namely Bates #83257 and Bates #85298. *See generally id.*; *see supra* notes 2, 3, and accompanying text.

Reviewing the privilege log de novo, the Court finds that no other documents even theoretically implicate the attorney-client privilege besides the eight that name Kasprowicz either as an author or a recipient. *See generally* ECF No. 20. Of the seven authored by Kasprowicz, only one will be used by the Government, namely Bates #83257. *See supra* note 1. That document contains payroll and banking information, ranging from shipping labels to court documents.[4] ECF No. 20 at 26. Even if some of what is inside Bates #83257 were drafted by Kasprowicz, that does not make that information privileged without a showing that Kasprowicz prepared them for the purpose of rendering legal advice. *See Evans*, 231 F.R.D. at 312 ("[D]ocuments prepared for a business purpose are not privileged . . . ." (citing *In re Spalding Sports Worldwide, Inc.*, 203 F.3d at 805)). Court

---

[4]The full list of the types of documents inside Bates #83257 is as follows: "Payroll Documents, Levy Documents, Correspondence, Tax Documents, Circuit Court Printout[s], [and an] Internal Document." ECF No. 20 at 26. The full array of subject matter is as follows: "Shipping Labels, Important Reminders, Cash Requirements, Payroll Statements, State Levy Plus $40 Fee, Rent Expense – Schedule C Line 20, Department Summaries, Employer Liabilities Details, Notices of Automatic Payment, New Hire Rehire Report Confirmations, Payroll Journals, Civil Judgement Details, [and an] Internal Document." *Id*.

documents included in Bates #83257 are presumptively public. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 27–29 (1994) and *In re Memorial Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302–02 (7th Cir. 1988)).[5] Additionally, Bates #83257 lists multiple authors other than Kasprowicz, including Waukesha State Bank and the Wisconsin Circuit Court Access system, entities that could have also "authored" the "court documents," "correspondence," the "Circuit Court Printout," and the "internal document." ECF No. 20 at 26. Therefore, to the extent they are not authored by a lawyer, they do not fall within the scope of attorney-client privilege. *Medline Indus. v. Wypetech, LLC*, 20 CV 4424, 2020 U.S. Dist. LEXIS 211440, at *7 (N.D. Ill. Nov. 12, 2020) ("Where a party submits a non-privileged business document to an attorney, the document does not become privileged even though the attorney's legal advice regarding the document may be protected.") (collecting cases).

As to the remaining document, Bates #85298, it is indeed "correspondence" authored by Butts and addressed to not just Kasprowicz but also the United States Attorney's Office, thereby waiving any such privilege. ECF No. 20 at 39; *Evans*, 231 F.R.D. at 312. No other documents name Kasprowicz or another attorney as either an author or recipient, or in a manner whatsoever, making a further inquiry into whether these documents are privileged unnecessary. That there are patient records, bank

---

[5] The Court is not inclined to read in descriptives, such as sealed, or similar language, to the "court documents," the "internal document," or any of the remaining documents inside Bates #83257, when none of the details for the remaining items in the log come remotely close to demonstrating a prima facie case of privilege, as discussed.

records, or other similar confidential documents that Kasprowicz may have accessed does not transmute those documents into privileged ones, as Magistrate Judge Dries noted. ECF No. 28 at 6–7 (collecting cases); *see also United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999) ("Communications from a client that neither reflect the lawyer's thinking nor are made for the purpose of eliciting the lawyer's professional advice or other legal assistance are not privileged."); *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992) ("Not all information transmitted to an attorney becomes cloaked with the attorney-client privilege."). Plaintiff has made no sincere effort to suggest this. Again, other than Bates #83257, none of the documents that list Kasprowicz as an author will be used by the government, rendering an analysis of the same moot. *See supra* note 1. Butts, therefore, makes an inadequate objection that the privilege log's contents contained privileged information. Accordingly, the Court will overrule her objection.

### 4.1.3.2 Clear Error Review as to the Denial of In-Camera Review and Evidentiary Hearing

The Court finds no clear error in Magistrate Judge Dries' determination that in-camera review or an evidentiary hearing was unnecessary to resolve the extent of Butts and Kasprowicz's attorney-client relationship and whether the documents that Kasprowicz disclosed were privileged. As established above, Butts failed to demonstrate any prima facie showing of privilege, which dispenses with the need for an in-camera review or evidentiary hearing to unearth whether any documents are privileged. There is also no legal basis to have an evidentiary hearing to see whether an attorney-client relationship existed, as the Government has, in fact, already admitted that it "assumed that Kasprowicz was her lawyer at the time." ECF No. 30 at 16.

### 4.2 Whether Butts Waived Her Privilege

#### 4.2.1 Magistrate Judge's Dries Conclusions as to Waiver

According to Magistrate Judge Dries, the remaining analysis surrounds whether Butts waived her privilege, which turns in part on whether the disclosure was inadvertent. ECF No. 28 at 8. He outlined the three factors that courts use to analyze inadvertence, namely "the total number of documents reviewed, the procedures used to review the documents before they were produced, and the actions of the producing party after discovering that the documents had been produced." *Id*. (quoting *MSP Real Estate*, 2011 U.S. Dist. LEXIS 81650, at *9). In applying these factors, Magistrate Judge Dries pointed to the roughly 30% ratio between the allegedly privileged disclosures to the overall production, Butts' failure to describe the precautions or steps she took when responding to the subpoenas, and her failure to that point to attempt to claw back the documents. *Id*. Together, in his view, these factors suggested that the disclosure was "intentional." *Id*.

After addressing inadvertence, he explained that the remaining analysis of whether Butts waived her privilege turned on: "(1) the reasonableness of the precautions taken to prevent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." *Id*. at 8–9. (quoting *Judson Atkinson Candies, Inc. v. Latini-Hoherger Dhimantec*, 529 F.3d 371, 388–89 (7th Cir. 2008). In applying these factors, he again pointed out the ratio explained above, the fact that Butts does not provide a story of what steps she took to preclude disclosures, and the lack of any timely effort to claw back the documents. *Id*. at 9. He also highlighted the prejudice the Government would experience after it has built its case relying on the same.

*See id*. at 9–10 (finding that Butts "has not identified 'any disproportionately harsh of unfair consequences' that [she] would encounter as a result of a waiver." (quoting *MSP Real Estate*, 2011 U.S. Dist. LEXIS 81650, at *28 (internal quotation marks omitted). For these reasons, Magistrate Judge Dries found the documents were not privileged, and even if they were, that Butts waived any arguable privilege when Kasprowicz made the disclosures in response to the Government's subpoenas. *Id*. at 10 (citing *Evans*, 231 F.R.D. at 312–13 (finding attorney-client privilege waived where documents were previously produced in response to a subpoena)).

Magistrate Judge Dries further concluded that there was no reason to hold an evidentiary hearing on the issue of whether Butts waived her privilege because she "proffer[ed] no specific facts to counter the [G]overnment's waiver argument." *Id.* at 12 (noting that Butts "fail[ed] to provide any information about the subpoena review process that would support her claim to being in the dark about Kasprowicz's disclosures").

### 4.2.2 Butts' Objections and the Government's Response

Butts asks the Court to reconsider Magistrate Dries' waiver analysis because there "was nothing [she] could have done to prevent the disclosures because she was not aware of . . . Kasprowicz's cooperation with government investigators," thus she could not have waived the attorney-client privilege. ECF No. 29 at 2. Butts also argues that it was not Kasprowicz's privilege to waive but hers. *See id*. ("[I]t is not sufficient for the [G]overnment to contend that . . . Butts simply coalesced and allowed her own attorney to provide many hundreds of privileged documents . . . . [This would make] the attorney-client privilege . . . superfluous, as any attorney could then simply waive the client's privilege if they preferred to cooperate with an investigation by disclosing privileged documents.").

She further asserts that disclosure was not necessary or otherwise permitted under American Bar Association Model Rule 1.6(a), which requires a lawyer to maintain the confidentiality of his client unless the client gives informed consent to disclose information related to the representation or the disclosure is otherwise authorized under the rule. *Id*. at 3. She claims that Kasprowicz acted "outside of the bounds of his ethical duties" when he made these disclosures without Butts' consent or other authorization. *Id*. Butts asks the Court to treat this ethical rule as on point while at the same time acknowledging that it is distinct from the attorney-client privilege. *Id.* ("While [ABA Model Rule 1.6] applies to confidentiality rather than attorney-client privilege . . . .").

She finally argues that "an evidentiary hearing is necessary to determine whether [she] waived the privilege by way of disclosure," but does not point to specific facts that she believes are in dispute that would necessitate an evidentiary hearing. *Id.* at 2.

In response, the Government contends that there is no basis to believe that the disclosure was "anything other than intentional" because Butts did not describe taking any precautions at the time of the investigation to prevent disclosure of privileged material. ECF No. 30 at 12–13. It notes that Butts "has not explained how Kasprowicz's actions exceeded his role as her or Lordan [Care's] counsel" or violated ABA Model Rule 1.6(a). *Id.* at 13. The Government also argues that it would be unfair to allow a clawback at this late stage. *See id*. at 14 (noting that "the years that have passed since the documents' supposed erroneous production favors a finding of waiver"). Finally, it contends that no evidentiary hearing is necessary on the issue of waiver because Butts "fails to provide any information about the subpoena review process that would support her

Page 14 of 18
Case 2:24-cr-00124-JPS   Filed 10/27/25   Page 14 of 18   Document 32

claim to being in the dark about Kasprowicz's disclosures." *Id.* at 17 (quoting ECF No. 28 at 12).

### 4.2.3 The Court Agrees with Magistrate Judge Dries

#### 4.2.3.1 De Novo Review as to Finding of Waiver

Butts effectively asks the Court to ignore the narrower privilege standard and adjudicate instead whether there was a duty of confidentiality surrounding the documents that Kasprowicz disclosed to the Government and whether that duty was breached. ECF No. 29 at 3. However, the Court may not do so as it is the evidentiary privilege at issue here, which Butts herself admits is distinct. *See, e.g., Tilot Oil, LLC v. BP Prods. N. Am.*, No. 09-CV-210, 2011 U.S. Dist. LEXIS 85730, at *8–9 (E.D. Wis. Aug. 3, 2011) (noting there is a distinction between confidentiality and privilege in that the duty of confidentiality is generally broader (citing 2 CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, *Federal Evidence* § 5:3 (3d ed. 2007)). Butts' argument asking the Court to apply ABA Model Rule 1.6(a) is, therefore, unpersuasive.

Butts asks the Court to review the waiver analysis by Magistrate Judge Dries on grounds that Butts was unaware of the subpoenas or Kasprowicz's cooperation. ECF No. 29 at 2. In doing so, the Court finds that all factors in this multi-step, multi-factor inquiry militate in favor of waiver.

The Court notes that Magistrate Judge Dries relied on the *Judson* case to make his ruling that any disclosure by Kasprowicz was intentional and not inadvertent. ECF No. 28 at 8–10. Since *Judson*, the Court of Appeals has held that the three-element test subsequently created by Federal Rule of Evidence 502(b) is technically controlling. *Carmody v. Bd. Trs. Univ. Ill.*, 893 F. 3d 397, 406 n.2 (7th Cir. 2018). The *Carmody* court nonetheless endorsed the factors in *Judson* and stated that cases prior to the adoption of Rule 502

"remain pertinent to provide examples." *Id*. (citation omitted). As such, the Court will follow *Carmody*, giving appropriate weight to the factors in *Judson*. According to *Carmody*, a disclosure is not a waiver of privilege if "the disclosure is inadvertent," "the holder of the privilege . . . took reasonable steps to prevent disclosure," and "the holder promptly took reasonable steps to rectify the error." *Id*. at 405–06 (citing FED. R. EVID. 502(b); other citation omitted).

As to inadvertence, the Court finds that there was intentional disclosure, which supports a finding that Butts waived the attorney-client privilege. Indeed, the ratio of 177 to 573 reveals, as Magistrate Judge Dries suggested, "no innocent mistake." ECF No. 28 at 8. Case law so confirms. *See, e.g.*, *Kmart Corp v. Footstar, Inc*., No. 09 C 3607, 2010 U.S. Dist. LEXIS 116647, at *13 (N.D. Ill. 2010 Nov. 2, 2010) (finding inadvertence where defendant sought a "return of less than 3% of the materials produced"); *Heriot v. Byrne*, 257 F.R.D. 645, 659 (N.D. Ill. 2009) (finding intentionality whether it considered 5% or 13% was the correct ratio of documents disclosed). Moreover, even when crediting Butts' argument that taking no action was reasonable because she did not know her attorney was cooperating, Butts nonetheless made no attempt to take corrective action until filing the present motion to exclude in March 2025. *See Carmody*, 893 F. 3d at 405 (noting that waiver may be found where there was not prompt action to rectify erroneous disclosures of privileged information). For these reasons, the Court is satisfied that there was a waiver of the attorney-client privilege.

To be sure, the Court is skeptical that Butts was simply unaware of Kasprowicz's disclosures, particularly because Butts has not offered this explanation before. Indeed, this explanation seems to be prompted by

Page 16 of 18
Case 2:24-cr-00124-JPS    Filed 10/27/25    Page 16 of 18    Document 32

Magistrate Judge Dries' observation about this very deficit in her story. ECF No. 28 at 9 ("Is Butts claiming that she didn't know about them? That Kasprowicz and Butts didn't discuss how to respond and what documents would be turned over? Or that Kasprowicz surreptitiously disclosed information they had agreed to keep confidential? We don't know, because Butts proffers no facts about the subpoena review process."). Thus, the Court finds no merit to her objection regarding waiver.[6]

#### 4.2.3.2 Clear Error Review as to Denial of Evidentiary Hearing and In-Camera Review

The Court finds no clear error in Magistrate Judge Dries' determination that an evidentiary hearing was unnecessary to resolve the issue of whether Butts waived her privilege. She failed to raise before Magistrate Judge Dries, and fails, again, before this Court, to point to any specific facts in dispute that would necessitate an evidentiary hearing. *See* CRIM. L.R. 12(c) (requiring a party moving for an evidentiary hearing to identify material disputed facts that require such a hearing). In any event, there was a waiver, as explained thoroughly above, rendering an evidentiary hearing unnecessary.[7]

---

[6]Applying *Judson* would additionally have entailed taking fairness considerations into account. 529 F.3d 371, 388 (citations omitted). Of course, under *Carmody's* construction of Rule 502(b), the fairness factor does not come into play anymore. *See* 893 F.3d 397, 406 n.2. If it did, the Court would find that fairness militates in favor of a waiver, as the Government has had the documents for years and built its case relying on the same for years, while Butts has not identified any prejudice or other harm to her if it is waived.

[7]Magistrate Judge Dries additionally noted that, to the extent Butts sought suppression rather than exclusion of Kasprowicz's testimony, Butts fell short of establishing the kind of due process violation needed to warrant suppression. ECF No. 28 at 12–13. Butts has not objected to this finding and the Court sees no clear error in it.

## 5. CONCLUSION

Butts' objections provide no basis to disrupt Magistrate Judge Dries' conclusion that the attorney-client privilege did not attach to any of the items in the privilege log. Further, there is no legal or factual basis to hold an in-camera inspection or evidentiary hearing.

The Court agrees with all aspects of Magistrate Judge Stephen C. Dries' Report and Recommendation. The Court will, therefore, adopt Magistrate Judge Dries' R&R, ECF No. 28, overrule Butts' objections, ECF No. 29 and deny the motion to exclude Paul Kasprowicz's testimony and all derivative evidence in its entirety, ECF No. 19.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Stephen C. Dries' Report and Recommendation, ECF No. 28, be and the same is hereby **ADOPTED**, and Defendant Lori Butts' objections thereto, ECF No. 29, be and the same are hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that Defendant Lori Butts' motion to exclude Paul Kasprowicz's testimony and all derivative evidence, which also seeks an evidentiary hearing and in-camera review, ECF No. 19, be and the same is hereby **DENIED** in its entirety.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge