UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

    vs.                Case No. 24-CR-124

LORI BUTTS,

    *Defendant*.

**MOTION TO ADJOURN TRIAL AND SET A PLEA DEADLINE**

Lori Butts, by her attorney Gabriela Leija, respectfully moves the court for an adjournment of the trial dates and related deadlines and requests a new trial schedule that accommodates a plea deadline of February 28, 2026. Ms. Butts offers the following in support of this request.

1. On June 25, 2024, the government filed a 16-count indictment charging Ms. Butts with health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1347 and 1343. *See* Doc. 1

2. On July 1, 2024, Attorney Nicole Masnica filed a notice of appearance on the case. *See* Doc. 2.

3. On July 30, 2024, the Magistrate Judge held a scheduling conference with the parties to address motion deadlines. The government informed the Magistrate Judge that the discovery production would include approximately 4TB to 6TB of material. *See* Doc. 7.

4. Previous defense counsel sought several adjournments and extensions of the motion filing deadline to complete review of the voluminous discovery production. *See* Doc. 9, 10, 12, 14, 16, 18. In total, Atty. Masnica was afforded approximately eight months to review the discovery.

5. On March 21, 2025, Atty. Masnica filed a Motion to Exclude the Testimony of Paul Kasprowicz. Doc. 19 and 20.

6. On May 22, 2025, the Magistrate Judge filed a Report and Recommendation, recommending that the motion be denied. *See* Doc. 28.

7. After objections were filed, on October 27, 2025, this Court adopted the Magistrate Judge's Report and Recommendation and denied the pretrial motion. *See* Doc. 32.

8. On November 4, 2025, the government conveyed a proposed plea agreement to Atty. Masnica. *See* Doc. 36.[1]

9. Between November 10, 2025, and November 21, 2025, Attorney Masnica was in trial before Judge Pamela Pepper in case no. 23-cr-113. *See United States v. Marketa Barnes*, 21-cr-113, Doc. 84-103.

10. On November 17, 2025, this Court issued a Trial Scheduling Order setting a plea deadline of December 22, 2025, a final pretrial conference on January 6, 2026, and a jury trial on January 12, 2026.

---

[1] Upon information and belief, the proposed plea agreement was relayed to Ms. Butts on November 25, 2025.

*Federal Defender Services
of Wisconsin, Inc.*

11. On November 25, 2025, Attorney Masnica moved to withdraw as counsel of record, citing Ms. Butt's inability to fulfill the financial terms of the retainer agreement, including a substantial outstanding invoice, and Ms. Butts' lack of income after her group homes were closed after the filing of the Indictment. Doc. 36.

12. Included in the motion to withdraw, Attorney Masnica also requested that the Jury Trial be adjourned, noting the "significant preparation that would be required to prepare for trial in this matter." Doc. 36 at 4.

13. On November 26, 2025, Attorney Masnica's motion to withdraw was granted. *See* Doc. 37.

## Undersigned Counsel's appointment

14. On December 4, 2025, undersigned counsel received an email informing her that she would be assigned to represent Ms. Butts in this matter. Counsel received this correspondence while conducting in-custody client visits.

15. Late in the afternoon of December 4, 2025, undersigned counsel received an email from AUSA Carter Stewart seeking to discuss the case. Undersigned counsel had not been to her office and did not know anything about the case beyond a short summary provided in the email correspondence notifying her that she had been appointed to the case.

16. Undersigned counsel called AUSA Stewart, and the parties discussed a joint request to adjourn the trial. Undersigned counsel had not received any discovery

and did not know details of the case but understood that the discovery was substantial and that she would need time to review the material and discuss it with Ms. Butts.

17. On December 5, 2025, the government filed a joint motion to adjourn the trial. *See* Doc. 39.

18. This Court granted the motion, vacated the trial, and converted the January 6, 2026, Final Pretrial to an in-person status conference.

19. Between December 5, and 8, 2025, undersigned counsel received 8 full banker boxes of hard copy records, and three hard drives from prior counsel. The three hard drives consisted of:

    a. A 2 TB drive with 9,734 files of bank records, business records, employee records, DOJ records, payroll records, time sheet logs, health records, emails and other correspondence records, foreclosure records, accounting records, IRS records, attorney and firm files, and apparent material turned over to the government.

    b. A 2TB drive that included 914 folders and over 64,000 document *files* of what appeared to be DOJ-produced records.

    c. A 5 TB drive that included surveillance footage and over 189,000 files (counsel was unable to access the files).

20. On December 9, 2025, undersigned counsel and her paralegal began reviewing the electronic production. During this surface-level review, counsel identified

portions of the production that appeared to be corrupted or not working on our PC and would need to be requested again.

21. Additionally, counsel came to understand that the material she received was gathered by three prior attorneys, including one attorney from Von Breisen & Roper, and two from Gimble, Reilley, Guerin, & Brown (GRGB).[2]

22. Counsel also came to understand that the material she received included different sources: discovery provided by the government; material provided from Ms. Butts; material gathered by prior counsel; and material GRBG produced to the government.

23. On December 10, 2025, undersigned counsel and her paralegal began reviewing the banker boxes that were provided.

24. Counsel's paralegal corresponded with GRBG staff to determine whether the documents in the boxes were scanned and included in the hard drives. We were informed that GRBG could not confirm what material was scanned and what material was not scanned because a log was not created and the staff person who helped scan the documents was no longer employed by the firm.

**Reproduction of discovery**

25. On December 11, 2025, AUSA Carter Stewart emailed undersigned counsel to check in on counsel's discovery review. Undersigned counsel informed AUSA Stewart

---

[2] The first counsel left the firm before Ms. Butts' matter concluded, and Ms. Masnica was retained as successor counsel.

5

*Federal Defender Services*
*of Wisconsin, Inc.*

that she was unable to identify with certainty the government's production and requested a reproduction from the government.

26. On December 12, 2025, undersigned counsel provided a 1TB hard drive to the government and informed the government that the 4TB drive requested would need to be ordered.

27. On December 15, 2025, a 4TB drive was provided to the government.

28. On Thursday, December 18, 2025, the government produced discovery directly to undersigned counsel.

29. Undersigned Counsel was unable to turn her attention back to Ms. Butts' case until Tuesday, December 23, 2025, given other scheduled matters.

30. Counsel did not schedule an office appointment with Ms. Butts because she was hoping to understand the charges and evidence before meeting with Ms. Butts, and in her limited review of the substantial discovery had not reached that understanding. Counsel did not believe any meeting with Ms. Butts would be productive under those circumstances.

31. On January 5, 2026, undersigned counsel called Ms. Butts to remind her of the scheduled court hearing. During the phone call, Ms. Butts informed counsel that she was unaware of the January 6, 2026, hearing, and had only been made aware of the January 12, 2026, trial date. Ms. Butts also noted that she was scheduled for a medical procedure the following day, which needed urgent care, and had traveled out of town for the procedure. Counsel reached out to the government and filed an unopposed

motion to adjourn the status hearing and apologized to the Court for not discussing the scheduled hearing with Ms. Butts sooner. *See* Doc. 41.

32. The Court granted the adjournment and re-scheduled the status hearing for January 12, 2026. *See* 01/05/2026 Text Only Order.

33. On January 8, 2026, undersigned counsel and AUSA Carter discussed the case. To help make counsel's review of the voluminous discovery more efficient, AUSA Carter agreed to meet with undersigned counsel to provide an overview of the government's case. The parties agreed to meet on January 21, 2026, for that purpose.

34. On January 12, 2026, the Court held a status hearing and asked the parties for an update on the case. The parties shared general information related to their joint efforts to get undersigned counsel up to speed and their agreed upon plans going forward to continue those efforts. *See* Doc. 42.[3]

35. The Court then filed an amended Trial Scheduling Order that required the parties to file motions in limine by February 13, 2026; the final/joint pretrial report by February 17, 2026; setting a Final Pretrial on February 24, 2026; and a Jury Trial on March 9, 2026. *See* Doc. 43.

---

[3] The Court minutes reflect that undersigned counsel indicated that she has reviewed the materials provided. Undersigned counsel apologizes for not being clear in her recitation, as described in this motion, counsel had not reviewed the discovery that she received by that date. Counsel does not recall what she said, but believes the statement would likely have been that I had only begun reviewing the material received.

**The parties' efforts to get undersigned counsel up to speed.**

36. After the hearing, the parties discussed getting together sooner that previously planned to discuss the case. AUSA Stewart was available that same afternoon, so undersigned counsel cancelled her scheduled appointments to meet with the government.

37. Undersigned counsel also briefly met with Ms. Butts (for the first time) after the hearing and reviewed a broad description of the case procedure, significance of the scheduled final pretrial, jury trial, and related pleading deadlines, along with the general focus of each proceeding. Ms. Butts did not have prior knowledge of the information.

38. On the afternoon of January 12, 2026, undersigned counsel and her paralegal met with the government for several hours to discuss the fraud allegations. The government presented a 37-page PowerPoint that outlined the allegations and supporting evidence.

39. The government also agreed to provide a copy of the PowerPoint and did so the following day. On January 13, 2026, the government also provided an approved proposed plea agreement. After some discussion, the government set a plea deadline of Friday, January 23, 2026.

40. Undersigned counsel dedicated most of her time between January 13, 2026, and January 15, 2026, to reviewing relevant evidence noted in the government's presentation, but was unsuccessful in getting through it—even when her review was limited to the proposed terms of the plea agreement. Counsel cannot overstate the

8

*Federal Defender Services of Wisconsin, Inc.*

magnitude of the data provided and the material that must be gathered to understand and support the alleged fraud. To date, despite her diligent efforts, counsel has only reviewed a fraction of the produced discovery.

41. On January 15, 2026, undersigned counsel met with Ms. Butts for several hours to begin reviewing the case and evidence.

42. After meeting with Ms. Butts, AUSA Stewart agreed to discuss the case further with counsel; the parties spent about an hour further discussing the fraud allegations.

### The Defense's request for additional assistance

43. In addition to undersigned counsel's paralegal, the FDSW Administrative Officer, who has several decades of paralegal experience joined the case to review discovery. The FDSW investigator also joined the case.

44. Undersigned counsel also sought and obtained funding to hire an expert to aid in her review of the voluminous financial records at the core of the government's allegations. Given the limited time frame to review the material, the expert indicated that he would only have time to provide a broad and general overview of the data.

45. The funding request for the expert took place on January 16, 2026. It could not have occurred earlier because counsel needed to first review the materials, identify whether an expert would be necessary, and collect and organize the material required for the expert's review.

46. On January 19, 2026, undersigned counsel dedicated the entire day to reviewing discovery in Ms. Butts case.

47. On January 20, 2026, undersigned counsel again dedicated most of her day to reviewing Ms. Butts' discovery and preparing to meet with her on January 21, 2026.

**Meetings with Ms. Butts**

48. On January 21, 2026, undersigned counsel met with Ms. Butts for several hours.

49. In addition to the broad review of the charges and evidence (and only information related to the proposed plea agreement), counsel briefly reviewed a rough calculation of the estimated USSG pursuant to a plea and after jury trial. Ms. Butts expressed genuine surprise and even became teary during counsel's explanation of the guidelines. It appeared that Ms. Butts was learning the information for the first time.

50. Despite the limited material reviewed during our several hours meeting, counsel believes the discussion was very productive. Ms. Butts was engaged, asking appropriate questions, and appeared to want to understand the material.

51. Ms. Butts is scheduled to meet with undersigned counsel on Thursday, January 22, 2026, between 9:30am and 1:00pm. The meeting must end at 1:00pm because undersigned counsel has a sentencing scheduled before Judge Pamela Pepper at 1:30pm.

52. Undersigned counsel does not believe that she can address the entirety of the government's trial before the government's Friday plea deadline. Indeed, on January 21, 2026, the defense team made a substantial effort to pull all of the material for a single

month to walk Ms. Butts through the material on January 22, 2026, and yet could not account for the numbers provided by the government for that month (the allegation involve an 18 month period).

53. Undersigned counsel also does not believe that she can adequately review the substantial costs of having a trial, such that Ms. Butts can make an informed decision by Friday.

54. Additionally, undersigned counsel will be on leave and out of the country between January 26 and February 6, 2026. Upon her return, she must then meet the first trial pleading deadline and will have to do so without a full review of the discovery.

55. Ms. Butt's prior counsel had the benefit of meeting with the government before charging, and eight months to review the discovery to determine appropriate pretrial motions. The government began their investigation since, at least, 2023. Undersigned counsel will have less than 2 months before jury trial pleadings are due; and even less time when considering the holiday break and discovery issues that counsel had to address prior to December 18, 2026.

56. The government, understandably, set a plea deadline of January 23, 2026, because it must start to prepare for trial given the current trial date.

57. Undersigned counsel does not believe that she is able to provide adequate assistance of counsel such that Ms. Butts can make an informed decision on whether to accept the governments plea or proceed with the trial as scheduled by Friday, January 23, 2026. And as the Court knows the benefits of plea agreement begin to diminish as soon

11

*Federal Defender Services of Wisconsin, Inc.*

as the government begins preparing for trial (the government will not move for an additional reduction of the offense level for a timely plea).

58. Importantly, counsel believes that additional time with Ms. Butts to discuss her case will allow her to understand the charges against her, the government's evidence, and the benefits offered by the government's proposed plea agreement.

59. Counsel is seeking additional time because the meeting with Ms. Butts today informed counsel that Ms. Butts is open to counsel's advice and is genuinely interested in understanding her options.

60. Undersigned counsel has done her best with the time afforded by the Court and the government. Counsel understands that this case has been pending for a long time, but counsel was appointed less than two months ago, is not fully up to speed, and is not convinced that Ms. Butts understands or has reviewed enough of the government's case to make an informed decision, nor that it could be accomplished by Friday.

For these reasons, the defense respectfully requests and adjournment of the trial. Specially, Ms. Butts requests a plea deadline of February 28, 2026, and a jury trial scheduling order that accommodates the requested plea deadline.

The requested time will afford undersigned counsel three additional weeks to continue reviewing discovery and working with Ms. Butts to help her understand her charges, the evidence, and benefits of the plea agreement. The requested time addresses counsel's two week leave and accommodation of previously scheduled matters,

12

*Federal Defender Services*
*of Wisconsin, Inc.*

Case 2:24-cr-00124-JPS  Filed 01/22/26  Page 12 of 13  Document 44

including those that were rescheduled to accommodate her full attention to this case in the last two weeks.

Undersigned counsel communicated her intent to seek a short trial adjournment and was informed that the government is opposed to the request.

Ms. Butts understands that if the Court grants this motion, the Court will exclude the time she is seeking from the Speedy Trial Act Calculation.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2026.

> Respectfully submitted,
>
> /s/ *Gabriela A. Leija*
> Gabriela A. Leija, WI Bar #1088023
> Federal Defender Services
>   of Wisconsin, Inc.
> 411 E. Wisconsin Avenue, Suite 2310
> Milwaukee, WI 53202
> Tel. (414) 221-9900
> Email: gabriela_leija@fd.org