UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 24-CR-124
[18 U.S.C. §§ 1343 & 1347]

LORI BUTTS,
a/k/a LORI BANYARD

    Defendant.

# INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## Allegations Common to All Counts

At all times material to this indictment:

1. Adult family homes are a type of assisted living facility, where individuals aged 18 and older receive care that goes beyond room and board.

2. Many adult family homes are funded through government sources, including Wisconsin Medicaid and the Centers for Medicare and Medicaid Services. These government healthcare programs provide funding to managed care organizations, which, in turn, contract with companies for adult family home services. Each adult family home provider receiving government funding interfaces with a managed care organization to receive authorization to bill and to submit bills.

3. Community Care Inc. ("CCI") is one such managed care organization, which receives funds from Wisconsin Medicaid and the Centers for Medicare and Medicaid Services. CCI, in turn, uses those funds to obtain services, including adult family home services, for individuals who receive Medicaid benefits.

4. At relevant times, defendant **LORI BUTTS, a/k/a LORI BANYARD**, owned and operated Lordan Care Adult Family Home, LLC ("Lordan"). Lordan owned, staffed, and administered adult family homes, each located in and around Milwaukee, Wisconsin.

5. Lordan and CCI entered into contracts whereby Lordan promised to provide adult family homes and related services for qualifying adult residents.

6. When CCI and Lordan agreed to place an adult resident in one of Lordan's adult family homes, Lordan and CCI entered into a contract that specified, among other things, how many caregivers Lordan would provide to each resident and the payment Lordan would receive for providing those caregivers.

7. In addition to the number of caregivers specified in the contract, CCI sometimes authorized Lordan to provide, and bill for, additional caregivers for certain residents. This authorization was contained in documents called "Letters of Agreement" ("LOAs").

8. The LOAs specified that the services provided by these additional caregivers would be billed separately from the care provided under the contracts, and they identified a separate code that Lordan could use to bill for this additional care.

2

9. CCI had a web portal for billing. Representatives of providers with CCI, including Lordan, would use this web portal to submit bills for services provided to residents.

## The Scheme

10. Beginning by at least in or about July 2019, and continuing through at least in or about December 2020, Butts devised the following fraudulent scheme to obtain money from Wisconsin Medicaid.

11. On Lordan's behalf, Butts signed the contracts and LOAs between Lordan and CCI.

12. Butts, through her ownership, control, and direction of Lordan, instructed subordinates to schedule a specified number of caregivers to provide care to the residents placed at Lordan's facilities by CCI.

13. The staffing levels that Butts directed routinely were less than the staffing levels specified in the contracts and LOAs Butts signed.

14. Despite knowing that she was directing lower levels of staffing than specified in the contracts and LOAs, Butts, on behalf of Lordan, submitted bills to CCI falsely representing that she provided the services required by the contracts and authorized by the LOAs.

15. The bills Butts submitted falsely represented the care Lordan provided to the residents and sought payment for services not actually rendered.

16. When Butts submitted these false representations requesting payment from CCI, Butts knew that Lordan provided less care than the amount of care for which Butts billed CCI.

17. To further the fraudulent scheme, Butts communicated with CCI by email.

18. In those emails, Butts demanded payment on the false bills she had submitted, even though she then knew that Lordan had not provided the number of staff members indicated by those bills.

19. To further the fraudulent scheme, Butts also emailed CCI to request that CCI complete LOAs authorizing additional care.

20. Via email, Butts sought LOA approval to bill for periods of time in the past, under the fraudulent pretense that Lordan had already paid workers to cover hours.

21. After CCI authorized the additional care via LOA, Butts routinely submitted false and fraudulent bills seeking payment for care authorized by an LOA, even though Butts knew that Lordan had not provided the staffing levels specified in the billing.

22. As a result of Butts' scheme, between July 2019 and December 31, 2020, Lordan received approximately $1.4 million to which it was not entitled. Butts then converted a substantial portion of this money to her personal use.

## COUNTS ONE through EIGHT
(Health Care Fraud, 18 U.S.C. § 1347)

**THE GRAND JURY FURTHER CHARGES THAT:**

23. On or about the dates indicated below, in the State and Eastern District of Wisconsin and elsewhere,

**LORI BUTTS,
a/k/a LORI BANYARD**

did knowingly and willfully execute the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is Wisconsin Medicaid, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Wisconsin Medicaid, in that the defendant submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and represented that such benefits, items, and services were eligible for reimbursement for care Lordan purportedly provided to patient KW:

| Count | Claim Number | Approx. Date of Claim Submission | Code | Amount Billed for Identified Code on Claim |
|---|---|---|---|---|
| 1 | 453660133 | November 15, 2019 | S5135 | $41,165.76 |
| 2 | 195780617 | November 18, 2019 | S5135 | $300.48 |
| 3 | 568382697 | December 2, 2019 | S5135 | $4,507.20 |

| 4 | 153148419 | December 13, 2019 | S5135 | $3,605.76 |
| 5 | 228387032 | December 16, 2019 | S5135 | $901.44 |
| 6 | 511970534 | December 30, 2019 | S5135 | $4,206.72 |
| 7 | 513795621 | January 15, 2020 | S5135 | $600.96 |
| 8 | 984472098 | March 11, 2020 | S5135, C1 | $50,342.40 |

Each in violation of Title 18, United States Code, Section 1347.

## COUNTS NINE through SIXTEEN
(Wire Fraud, 18 U.S.C. § 1343)

THE GRAND JURY FURTHER CHARGES THAT:

24. On or about the dates indicated below, in the State and Eastern District of Wisconsin and elsewhere,

**LORI BUTTS,
a/k/a LORI BANYARD**

for the purpose of executing the above-described scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count:

| Count | Date | Description of wire transmission |
|---|---|---|
| 9 | July 24, 2019 | Email from Lori Butts to CCI employee regarding claims submitted by Lordan. |
| 10 | November 12, 2019 | Email from Lori Butts to CCI employee requesting the ability to bill for care allegedly provided. |
| 11 | April 6, 2020 | Email from Lori Butts to CCI employee regarding rate for Lordan to bill for care of two residents. |
| 12 | June 10, 2020 | Email from Lori Butts to CCI employee asking that an LOA be entered into CCI's system to permit billing for a resident. |
| 13 | June 10, 2020 | Email from Lori Butts to CCI employee asking that an LOA be entered into CCI's system to permit billing for a resident. |

| 14 | July 31, 2020 | Email from Lori Butts to CCI employee regarding claims submitted by Lordan. |
| 15 | August 31, 2020 | Email from Lori Butts to CCI employee providing bank account information to receive payments for submitted claims. |
| 16 | November 16, 2020 | Email from Lori Butts to CCI employee regarding authorization to bill for resident care. |

Each in violation of Title 18, United States Code, Section 1343.

## FORFEITURE NOTICE

25. Upon conviction of one or more of the health care fraud offenses, in violation of Title 18, United States Code, Section 1347, set forth in Counts One through Eight of this Indictment, the defendant, Lori Butts, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the offense, including but not limited to a sum of money equal to the proceeds derived from the offense or offenses of conviction.

26. Upon conviction of one or more of the wire fraud offenses, in violation of Title 18, United States Code, Section 1343, set forth in Counts Nine through Sixteen of this Indictment, the defendant, Lori Banyard Butts, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses, including, but not limited to a sum of money equal to the proceeds derived from the offense or offenses of conviction.

27. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), including but not limited to: 105 Legend Way, Wales, WI 53183.

A TRUE BILL:

FOREPERSON

Dated: 25 JUN 2024

GREGORY J. HAANSTAD
United States Attorney

10